UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BERNARD GOLDBERG,<br><br>Defendant. | 4:18-CR-40119-1-KES<br><br><br>ORDER DENYING SECOND MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Michael Bernard Goldberg, filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 73. Plaintiff, the United States of America, opposes the motion. Docket 75. For the following reasons, the defendant's second motion for compassionate release is denied.

**BACKGROUND**

The background of Goldberg's case was set forth in the court's order dated January 5, 2022. Docket 71. To summarize, on August 20, 2018, Goldberg pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 40, 46. On October 21, 2019, the court sentenced Goldberg to 132 months in custody followed by five years of supervised release. Docket 55; Docket 56 at 2-3. Goldberg's sentence was later reduced to 66 months in custody. Docket 62 at 2. He is incarcerated at Oklahoma City FTC, an administrative security federal transfer center in Oklahoma City, Oklahoma. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 1, 2022). According to

Goldberg, he is being transferred to Yankton Prison Camp in Yankton, South Dakota. Docket 78.

Goldberg states that he is entitled to First Step Act credits due to his participation in rehabilitative programs. Docket 73 at 2; *see* Docket 76 at 1. He requests that after the credits are applied to his sentence, that he be allowed to serve the remainder of his sentence in home confinement. Docket 73 at 4; Docket 76 at 1. On May 23, 2022, Goldberg notified the court that he had received his credits under the First Step Act and is now eligible for home confinement on September 29, 2022. Docket 78.

The government opposes Goldberg's motion, arguing that the court appropriately denied Goldberg's previous motion for release and he has failed to show "extraordinary and compelling reasons" for release now. Docket 75.

## DISCUSSION

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its order dated January 5, 2022. Docket 71. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Congress made changes to the law through the First Step Act, which permits inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. §

3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the § 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Goldberg requests to serve the remainder of his sentence in home confinement. Dockets 76 at 1; Docket 78 at 1. The court concludes that a sentence reduction is not warranted in this case. Goldberg's circumstances have remained largely unchanged since the court's previous order. The only change is that on May 3, 2022, the Bureau of Prisons applied 365 days of First Step Act credit to his sentence. Docket 78 at 1. This additional reduction further bolsters the court's view that Goldberg's initial sentence —which was below his guideline range[1] and was further reduced — remains appropriate for the seriousness of the crime to which he pleaded guilty. *See* Docket 71 at 10-11. Out of the 132 months to which he was initially sentenced, he has only served approximately 34 months. *See* Docket 78 at 2.

Additionally, the court does not believe Goldberg's successful rehabilitation efforts rise to the level of "extraordinary and compelling" reasons warranting a reduction. "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13, cmt. n.3; *see United States v. Vogt*, No. 4:19-CR-40003-05-

---

[1] The guideline range was 151 to 188 months followed by five years of supervised release. Docket 56-1 at 1.

3

KES, 2021 WL 364652, at *4 (D.S.D. Feb. 3, 2021). The court recognizes the rehabilitative work Goldberg has devoted himself to while incarcerated. Docket 63-1 at 8-21; Docket 73-1 at 4. The court commends Goldberg for his participation in programming while in custody. To his credit, Goldberg appears to be making sincere efforts to reform himself. The court encourages his continued progress. Nonetheless, after careful consideration, the court concludes that Goldberg has not met the high bar required to justify compassionate release.

## CONCLUSION

Goldberg has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that the defendant's second motion for relief under the First Step Act (Docket 73) is denied.

Dated June 1, 2022.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE